

# The Attorney General of Texas

December 20, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe H. Golman
Texas Cosmetology Commission
1111 Rio Grande
Austin, Texas 78701

Opinion No. MW-107

Re: Eligibility of members of the Cosmetology Commission to continue to serve.

Dear Mr. Golman:

You have requested our opinion regarding the eligibility of certain members of the Texas Cosmetology Commission to continue to serve. Article 8451a, V.T.C.S., the Cosmetology Regulatory Act, was completely rewritten by the 66th Legislature, Senate Bill 384, 1979, ch. 606, at 1340. It became effective on September 1, 1979. Section 2(a) of the former statute required the appointment, inter alia, of

> one member holding a valid operator license; [and] one member holding a valid wig specialist, wig instructor, wig salon, or wig school license who has no direct or indirect affiliation with or interest, financial or otherwise, in a private beauty culture school or beauty shop.

As rewritten, this portion of section 2(a) directs the appointment of

> two members holding valid operator licenses who have no direct or indirect affiliation with or interest, financial or otherwise, in a private beauty culture school or beauty shop.

You ask whether the member representing wig specialist licensees remains eligible to serve after September 1.

Senate Bill 384 contains a "hold over clause," which provides that "a person holding office as a member of the Texas Cosmetology Commission on the effective date of this Act continues to hold office for the term for which the member was originally appointed." Section 2. See Bloom v. Texas State Board of Examiners of Psychologists, 492 S.W.2d 460, 461 (Tex. 1973). In our opinion, however, it is unnecessary to apply that provision to the individual representing the wig specialist licensees, since you have advised

us that that person holds a valid operator's license and has "no direct or indirect affiliation with or interest, financial or otherwise, in a private beauty culture school or beauty shop." Since the individual is eligible under the new provision of section 2(a), she continues to serve until the expiration of her term.

You also inquire about the eligibility of a "lay member" who is registered as a lobbyist, even though he does not lobby for the beauty industry. Section 6(b) of the new statute provides, in pertinent part:

> A person who is required to register as a lobbyist under Chapter 422, Acts of the 63rd Legislature, Regular Session, 1973, as amended (Article 6252-9c, Vernon's Texas Civil Statutes), may not act as the general counsel to the commission or serve as a member of the commission.

Pursuant to Willis v. Potts, 377 S.W.2d 622 (Tex. 1964), statutory provisions that restrict the right to hold public office are strictly construed against ineligibility. In our opinion, the Supreme Court's determination in this case together with the clear language of the hold-over clause requires the conclusion that the lay member about whom you inquire continues to be eligible to serve on the Commission for the term for which he was originally appointed.

## SUMMARY

A member of the Texas Cosmetology Commission representing wig specialist licensees continues to serve on the Commission after September 1, 1979. A lay member who is required to register as a lobbyist under article 6252-9c, V.T.C.S., continues to be eligible to serve for the remainder of his term.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Bob Gammage
Susan Garrison
Rick Gilpin
Iris Jones